IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES G. BOFINGER,
            Petitioner

VS.

CYNTHIA NELSON, WARDEN, *et al.*

            Respondents

NO. 5: 06-CV-108 (DF)

**PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Respondents CYNTHIA NELSON and the GEORGIA BOARD OF PAROLE AND CORRECTIONS in the above captioned habeas corpus action have filed a motion seeking dismissal of this action on grounds that petitioner JAMES G. BOFINGER has not exhausted the state remedies available to him as required by ***Rose v. Lundy***, 455 U.S. 509 (1982). Tab #9. That is, the respondents allege that petitioner Bofinger has not properly brought any of the causes of action his instant petition before the Georgia courts for their review. Petitioner Bofinger has responded to the respondents' motion. Tab #11. The respondents were given an opportunity to reply to the petitioner's response, but did not do so.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." ***Picard v. Connor***, 404 U.S. 270, 275 (1971) (*citing* ***Ex Parte Royall***, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." ***Wilwording v. Swenson***, 404 U.S. 249, 250 (1971) (*quoting* ***Fay v. Noia***, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." ***Duckworth v. Serrano***, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." ***Picard v. Connor,*** *supra,* 404 U.S. at 275.

The grounds for the current petition, as explained in petitioner Bofinger's brief in support of his petition, allege that (1) new policies and laws have increased his punishment in violation of the *ex post facto* clause; (2) his substantive due process rights were violated when he was denied parole; and (3) his equal protection rights were violated because he was treated differently than other similarly situated prisoners. Tab #2 at 4-5. The respondents aver that none of those grounds has been adjudicated in the state court.

The petitioner submits that he has brought the first of the instant claims to the state court in a habeas action, citing the respondents' brief in a state action which alleged that "new laws, rules and statutes regarding his parole status" did not state a claim for relief pursuant to the Georgia code. Tab #1, Attachment #1 at 4. Apparently the state court's order did not deal directly with that contention, dismissing it, among other arguments, in a catchall conclusion. Tab #12, Attachment A at 7.

Petitioner Bofinger has also demonstrated that his state mandamus action has been delayed by the state court for nearly three years and therefore claims that a state remedy is unavailable to him with respect to his substantive due process and equal protection claims, and the petitioner cites ***Hollis v. Davis***, 912 F.2d 1343 (11th Cir. 1990) in support of his contention. The undersigned believes that a **three year** delay in adjudicating an appeal is unreasonable and therefore believes that the state court has proven to be effectively unavailable.

Since it appears that Bofinger has properly exhausted his *ex post facto* claim in state court and his state mandamus action has been thwarted by the state's inactivity, IT IS RECOMMENDED that the respondents' motion to dismiss the instant petition for failure to exhaust state remedies be DENIED.[1]

---

[1]The undersigned makes no finding as to the merits of the petition.

SO RECOMMENDED, this 27th day of FEBRUARY, 2007.



                    CLAUDE W. HICKS, JR.
                    UNITED STATES MAGISTRATE JUDGE