# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JAMES G. BOFINGER,** | : |
| Petitioner, | : |
| v. | : Civil Action No. 5:06-cv-108 (HL) |
| **CYNTHIA NELSON, and GEORGIA BOARD OF PARDONS AND PAROLES** | : |
| Respondents. | : |

# ORDER

The Recommendation of the United States Magistrate Judge (Doc. 13) filed February 27, 2007, has been read and considered, and the Court adopts its holding, though it makes the additional observations and rulings set forth below.

## I.  FACTUAL AND PROCEDURAL HISTORY

This proceeding stems from the filing of a habeas corpus petition (Doc. 1) by Petitioner James G. Bofinger ("Bofinger").  Respondents filed a Motion to Dismiss (Doc. 9) Bofinger's petition on the grounds that Bofinger had failed to exhaust the state remedies available to him. Bofinger responded (Doc. 11) that he had properly exhausted his *ex post facto* claim in state court, and that his state mandamus action was thwarted by a three-year delay by the state court adjudicating his appeal of his mandamus action.  Respondents failed to file a reply.  Thereafter,

1

the Magistrate Judge issued his Recommendation (Doc. 13), recommending that Respondents' Motion to Dismiss Bofinger's petition for failure to exhaust state remedies be denied. However, Respondents have now filed an Objection (Doc. 17) that asserts and provides evidence that the actual delay in the state court's ruling of Bofinger's petition is closer to only fifteen months. In addition, Respondents have filed another Motion to Dismiss (Doc. 18) moving the Court to dismiss Bofinger's petition for failure to exhaust state remedies or, in the alternative, for untimeliness.

**II.    ANALYSIS**

When the Magistrate Judge issued his Recommendation, he did so based on the information he had been provided at the time: Bofinger's uncontroverted assertion of a three-year delay in any action by the state court in question. As such, the Magistrate Judge's ruling was both understandable and correct when it was written. Respondents' Objection to the Recommendation consists of argument and evidence that should have included earlier in a reply to Petitioner's Response. Respondents clearly should not have waited to present their evidence until this late date.

Nevertheless, having so filed this information after such a delay, Respondents' Objection poses three problems for the Court. First, if Respondents are correct, then Bofinger potentially has not properly exhausted his state remedies, and the Court has no jurisdiction over this matter. Second, because Respondents presented this information in the form of an Objection, Bofinger has not had the opportunity to respond to it. Third, Respondents' Objection concludes with a section entitled "RESPONDENTS INTEND TO FILE A RESTATED MOTION TO DISMISS

AND AMENDED ANSWER SHOWING THAT THIS ISSUE IS TIME BARRED," and Respondents have now filed another Motion to Dismiss which encompasses that timeliness argument.

Accordingly, the Court believes the best course to follow at this point is to adopt the Magistrate Judge's Recommendation, to deny Respondents' original Motion to Dismiss and to start anew with Respondents' recently filed Motion to Dismiss. The Court trusts that in this new Motion to Dismiss, Respondents have properly argued both their exhaustion argument as well as their timeliness argument. Bofinger thus will have the opportunity to respond to both arguments, and Respondents may file a reply.[1] The Magistrate Judge then will be presented with a complete record on which to issue a new Recommendation. While this process may appear somewhat laborious, the Court believes it would best serve the ends of justice.

## III. CONCLUSION

The Recommendation of the Magistrate Judge (Doc. 13) is adopted. Respondents' Motion to Dismiss (Doc. 9) is denied. Per the Local Rules of the United States District Court for the Middle District of Georgia, Bofinger shall have twenty (20) days after service of Respondents' recently filed Motion to Dismiss (Doc. 18) to file a Response, and Respondents shall serve any desired Reply within ten (10) days afterwards.

**SO ORDERED**, this the 21st day of March, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

---

[1] It almost goes without saying that, should filing a reply be appropriate or be likely to further this matter to completion, Respondents should avail themselves of the opportunity to do so.

3

pdl