IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES G. BOFINGER,

                Petitioner

VS.

CYNTHIA NELSON,

                Respondent

NO. 5:06-CV-108 (HL)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

Before the court is the respondent's MOTION TO DISMISS FOR LACK OF EXHAUSTION OR ALTERNATIVELY FOR UNTIMELINESS. Tab #18. Petitioner JAMES G. BOFINGER has submitted a response and a supplemental response to the respondent's motion. Tabs #25 and #27.

**PROCEDURAL HISTORY**

Petitioner JAMES G. BOFINGER plead guilty on November 14, 1968 to one count of murder and once count of larceny of a motor vehicle. He received a life sentence plus five years for those crimes. Bofinger was paroled in February of 1997 but absconded from supervision and was arrested in May of 1998. The petitioner was then denied parole in November of 1998; he later filed a mandamus action in state court dealing with his denial of parole. That mandamus action was dismissed in an order dated July 14, 2007. Bofinger filed the instant petition for federal habeas corpus relief on April 4, 2006.

## DISCUSSION

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 24l (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor, supra,* 404 U.S. at 275.

At the time of the plaintiff's filing of the instant petition, there had been no activity in the petitioner's state process in approximately eight (8) months. An eight month delay in state proceedings certainly does not render that remedy futile. And while the petitioner has provided evidence that his state action was not decided until nearly another 15 months after the petitioner filed the instant petition,[1] **AT THE TIME OF HIS FILING** the instant action the state had not had a fair opportunity to rule on his motion.

---

[1]See petitioner's MOTION TO SUPPLEMENT RECORD (Tab #33). That motion is **GRANTED**. The undersigned makes no finding as to whether a two year delay would render a state remedy futile.

While the issue of exhaustion of state remedies has been made moot by the state court's denial of the petitioner's mandamus action, it would be adverse to the principles of federalism if a petitioner were permitted to file a federal habeas corpus petition before his state remedies had been either exhausted or proved futile, only to have his already-filed federal petition heard once the state proceedings had been completed. Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS FOR LACK OF EXHAUSTION OR ALTERNATIVELY FOR UNTIMELINESS (Tab #18) be **GRANTED** on exhaustion grounds only, it being unnecessary to consider the issue of untimeliness at this time. Such dismissal must be *without prejudice*.[2]

In light of this recommendation to dismiss this petition, all other pending motions are **DENIED** as MOOT.[3]

SO ORDERED AND RECOMMENDED this 15th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] All dismissals for failure to exhaust state remedies must be without prejudice.

[3] Petitioner's Motion for Summary Judgment (Tab #16) and Motion to Clarify (Tab #26)