IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES G. BOFINGER,<br><br>                Petitioner<br><br>VS.<br><br>CYNTHIA NELSON, and GEORGIA<br>BOARD of PARDONS and PAROLES,<br><br>                Respondents | **NO. 5:06-CV-108 (HL)**<br><br>PROCEEDINGS UNDER 28 U.S.C. § 2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is the respondent's MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Tab #46.  Petitioner JAMES G. BOFINGER has submitted a response and a memorandum to the respondent's motion.  Tab #48.

## PROCEDURAL HISTORY

Petitioner JAMES G. BOFINGER pled guilty on November 14, 1968 to one count of murder and one count of larceny of a motor vehicle.  He was sentenced to life plus five years for those crimes.  Petitioner BOFINGER was paroled in February of 1977.  Thereafter, petitioner BOFINGER absconded from supervision.  He was not recaptured until May of 1998.  Since his recapture, petitioner BOFINGER was considered for and denied parole in both November of 1998 and 2006.  Petitioner BOFINGER filed the instant petition for federal habeas corpus relief on April 4, 2006.  Therein, he argues that the parole board's decision to deny his parole violated his rights to due process, ex post facto, and equal protection.  The district court has since dismissed all but the equal protection claim.  Accordingly, the forthcoming analysis is limited to the respondents' motion seeking the dismissal the petitioner's sole remaining equal protection claim.

## DISCUSSION

The Equal Protection Clause provides in relevant part that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." *U.S. Const., amend. XIV, § 1*. That said, it is well settled "that an inmate *may* challenge the denial of pardon or parole on equal protection grounds." *Fuller v. Georgia State Bd. Of Pardons & Paroles*, 851 F.2d 1307, 1310 (11th Cir.1988). In this instance, the petitioner does not claim to belong to a particular class or group. As such, his equal protection cause of action arises on behalf of a "class of one." Successful equal protection claims brought by a "class of one" have been recognized where, as here, the petitioner alleges that he has been treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

In order for an inmate to prevail on such a "class of one" equal protection claim, the inmate must first establish, with specificity, that he is in fact "similarly situated" with other inmates whose parole was *not* denied. *Damiano v. Florida Parole and Probation Commission*, 785 F. 2d 929, 932-33 (11th Cir. 1986); (*citing Cruz v. Skelton*, 543 F. 2d 86 (5th Cir. 1976); *Osborne v. Folmar*, 735 F. 2d 1316 (11th Cir. 1984) ). "To be considered 'similarly situated,' comparators must be *'prima facie* identical in all respects.'" *Racine Charter One, Inc. V. Racine Unified School Dist.*, 424 F.3d 677, 680 (internal citations omitted). It is in this respect that the petitioner's claim fails.

In support of his claim, petitioner BOFINGER relies extensively upon an article from the Atlanta Journal-Constitution and a document titled, "Breakdown of Release Under Old Rules." These documents list offenders' sentencing dates, parole dates, and the percentage of time served. Petitioner BOFINGER asserts that he is similarly situated to a group of offenders contained therein that were given life sentences for murder, were paroled earlier than petitioner, and served less overall time than petitioner.

Petitioner Bofinger's conclusion that he is similarly situated to the listed offenders is, however, grossly insufficient. This is because the petitioner's conclusion fails to take into account any of the particulars of petitioner's case. For instance, petitioner has failed to demonstrate whether the nature of the offenses, criminal background, circumstances surrounding the murder, impact on victims, type of weapon used (if any), were the same or even similar to the same in the petitioner's case. Moreover, petitioner has made no showing that any of the individuals granted parole had prior parole revocations or absconded from supervision as did petitioner. As such, it is clear that the petitioner has failed to meet the first element necessary to establish his equal protection claim.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION TO DISMISS be **GRANTED** and that the instant petition be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may file written objections to this RECOMMENDATION with the Clerk of court directed to the district judge assigned to this case, **WITHIN TEN (10) DAYS** after being served with a copy thereof. In light of this recommendation to dismiss this petition, all other pending motions are **DENIED** as MOOT.

SO RECOMMENDED this 18th day of NOVEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE